IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-594-FL

| | |
|---|---|
| JASON KATTOULA,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WORLDWIDE LANGUAGE ) <br> RESOURCES, LLC, ) <br> ) <br> Defendant. ) | ORDER |

This matter initiated by complaint filed November 9, 2020, is before the court on plaintiff's motion for entry of default against defendant, (DE 29), and defendant's motion for an extension of time to file an answer, (DE 32), in which defendant opposes plaintiff's motion. Defendant filed an answer to plaintiff's amended complaint on March 15, 2022.

Federal Rule of Civil Procedure 55 provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). In considering the propriety of default where defendant has appeared and oppose the motion, the court should consider factors such as whether the defendant "has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [other] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

---

[1] The court constructively has amended the caption of this order to reflect the termination of former intervenor plaintiff United States of America.

There is a strong preference in the law that "defaults be avoided and that claims and defenses be disposed of on their merits." Id. Less drastic sanctions in the event of a default include "an award of attorney's fees and costs" to the plaintiff in litigating the issue of default. Id.; see Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Defendant alleges in its motion that the law firm it retained for the purposes of this case recently discontinued its representation. The firm cited a conflict of interest as John E. Harris, who had previous entered an appearance in this matter on behalf of the United States of America, has since joined their firm. Plaintiff retained alternative counsel on February 21, 2022, after the expiration of the answer deadline on February 14, 2022. The next day, defendant filed the instant motion for an extension of time to file answer.

Where there is no history of dilatory action by defendant on the record, defendant's excusable delay in answering coupled with its prompt filing of its motion after retaining counsel tip the scale in favor of denial of plaintiff's motion for entry of default. On consideration of these factors, and the apparent lack of prejudice to plaintiff, default is not warranted.

Based on the foregoing, plaintiff's motion, (DE 29), is DENIED and defendant's motion, (DE 32), is GRANTED. Where an answer has been filed, an initial order regarding planning and scheduling will separately follow.

SO ORDERED, this the 21st day of March, 2022.

_LOUISE W. FLANAGAN_
United States District Judge