IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-594-FL

| | |
|---|---|
| JASON KATTOULA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| WORLDWIDE LANGUAGE ) | |
| RESOURCES, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the clerk on the corrected motion for bill of costs [DE-87] filed by defendant Worldwide Language Resources, LLC. Plaintiff Jason Kattoula responded in opposition to the motion [DE-88]. For the reasons set forth below, the motion for bill of costs [DE-87] is granted in part.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in this court [DE-1]. Defendant moved for summary judgment on all plaintiff's claims, and the court granted the motion on February 14, 2024 [DE-82]. The clerk entered judgment that same day [DE-83]. Following the expiration of the period of time for an appeal, defendant filed the instant motion for bill of costs [DE-87].

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v.

Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendant seeks recovery of $2,069.20 in costs from plaintiff.

Plaintiff opposes the bill of costs in its entirety on equitable grounds, arguing that costs should be denied because of defendant's "unclean hands," plaintiff's inability to pay costs, and the potential chilling effect to plaintiffs. These equitable concerns go beyond the clerk's authority in ruling on a motion for bill of costs. See Taniguchi v. Kan Pacific Saipan, Ltd., __ U.S. __, 132 S. Ct. 1997, 2006 (2012) (describing the taxation of costs by the clerk as a "clerical matter"). Plaintiff may raise these equitable arguments in a motion for the court to review the taxation of costs pursuant to Fed. R. Civ. P. 54(c).

Regarding the specific costs, defendant seeks $2,069.20 in transcript costs pursuant to § 1920(2). Defendant's request for these costs, however, includes fees for exhibit copies and shipping and handling. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing these charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL

2

3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies). Accordingly, defendant is entitled to costs in the amount of $1,965.24[1] for transcripts pursuant to § 1920(2).

## CONCLUSION

In summary, defendant's motion for bill of costs [DE-87] is GRANTED in part. As the prevailing party in this action, defendant Worldwide Language Resources, LLC is awarded $1,965.24 in costs pursuant to § 1920(2). These costs are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 18 day of June, 2024.

Peter A. Moore, Jr.
Clerk of Court

---

[1] The excluded deposition transcript costs include (1) $7.00 in exhibits costs for the deposition of Adrian Jacobs; (2) $26.95 in exhibit costs for the deposition of Robyn Deckerson; and (3) $25.00 in exhibit costs and $45.00 for package and shipping costs for the deposition of plaintiff.

3